1
2
3
4
5
6
7

O

8      UNITED STATES DISTRICT COURT
9      CENTRAL DISTRICT OF CALIFORNIA
10

11  THOMAS CLINTON,                )   Case No. CV 08-4177-DOC (OP)
                                    )
12              Plaintiff,          )
        vs.                         )   MEMORANDUM AND ORDER
13                                  )   DISMISSING COMPLAINT WITH
                                    )   LEAVE TO AMEND
14  R. MEYERS, et al.,              )
                                    )
15              Defendants.         )
16  ─────────────────────────────  )

17                          **I.**
18                     **PROCEEDINGS**
19          On June 24, 2008, Plaintiff lodged for filing the current pro se Civil Rights
20  Complaint pursuant to 42 U.S.C. § 1983 ("Complaint").  On August 8, 2008, the
21  Complaint was ordered filed after the Court granted Plaintiff's request to proceed
22  in forma pauperis.  The events alleged in the Complaint occurred while Plaintiff
23  was incarcerated at the North Kern State Prison ("NKSP") in Delano, California, at
24  the California Correctional Center ("CCC") in Susanville, and the California
25  Men's Colony ("CMC") in San Luis Obispo.  (Compl. at 5-7.)  Plaintiff has since
26  been released from custody and currently lives in Van Buren, Arkansas.
27  / / /
28                          **II.**

1

## PLAINTIFF'S ALLEGATIONS

In the Complaint, Plaintiff names as Defendants CMC Doctors R. Meyers and E. Luke, Chief of Inmate Appeals N. Grannis, and CCC Warden K. Prosper. All Defendants are sued in their individual capacities only.  Plaintiff seeks monetary damages as well as declaratory and injunctive relief.  (Id. at 3-4, 9.)

Plaintiff alleges that upon his arrival at the NKSP in December 2003, "he was provided with a 'used' pair of state issued boots to wear, and which were not sterilized for infectious life forms."  (Id. at 5.)  After a riot occurred in January 2004, Plaintiff was placed in lock down for approximately ninety days during which time "no materials to sanitize the dormitory living was provided, and which nurtured and festered a growth of a plethora of infectious bacteria."  (Id.)  As a result, Plaintiff alleges he became infected with onychomycosis[1] which caused his toe nails to become thick and brittle.  (Id.)  Due to the alleged bad management of CCC by Defendant Prosper, the institution went on repeated lock downs during which time the infection on Plaintiff's feet spread.  (Id.)

Plaintiff alleges that his condition became aggravated during the winter months after prison officials "refused to permit Plaintiff to sanitize his cell," and as

---

[1]  Onychomycosis is a fungal infection of the nail.  It is the most common disease of the nails and constitutes about half of all nail abnormalities. This condition may affect toenails or fingernails, but toenail infections are particularly common. The prevalence of onychomycosis is about 6-8% in the adult population. Onychomycosis caused by dermatophytes is also known as tinea unguium (tinea of the nails). Symptoms: the nail plate can have a thickened, yellow, or cloudy appearance.  The nails can become rough and crumbly, or can separate from the nail bed.  There is usually no pain or other bodily symptoms, unless the disease is severe.
Wikipedia–the free encyclopedia @ http://en.wikipedia.org/wiki/Onychomycosis.

1  a result "his toe nails begin to split down past the quick and his toes begin to bleed,

2  and sometimes the socks stick to Plaintiff's toes from the dried blood that works

3  like an adhesive." (Id. at 6.) Plaintiff filed an administrative grievance which

4  resulted in medical treatment being provided to him at CCC. (Id.)

5  In March of 2005, Plaintiff was transferred to the CMC. During the months

6  of March through May of 2005, Plaintiff alleges that Defendants Meyers and Luke

7  denied him treatment for his medical condition. (Id.) In May of 2005, Plaintiff

8  filed an administrative grievance which was denied in August of 2005 by

9  Defendant Grannis. (Id. at 6, 7.)

10  **III.**

11  **STANDARD OF REVIEW**

12  **A.    PLRA Screening.**

13  In accordance with the mandate of the Prison Litigation Reform Act of 1995

14  ("PLRA"), the Court has screened the Complaint prior to ordering service for the

15  purpose of determining whether the action is frivolous or malicious; or fails to state

16  a claim on which relief may be granted; or seeks monetary relief against a

17  defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A;

18  42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the

19  foregoing statutes is governed by certain standards. A complaint may be dismissed

20  as a matter of law for failure to state a claim for two reasons: (1) lack of a

21  cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.

22  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Since

23  plaintiff is appearing pro se, the Court must construe the allegations of the pleading

24  liberally and must afford plaintiff the benefit of any doubt. Karim-Panahi v. Los

25  Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in

26  determining whether a complaint states a claim on which relief may be granted,

27  allegations of material fact are taken as true and construed in the light most

28  favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

3

1  1989).

2      With respect to Plaintiff's pleading burden, the Supreme Court recently held

3  that while a complaint does not need detailed factual allegations, "a plaintiff's

4  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

5  labels and conclusions, and a formulaic recitation of the elements of a cause of

6  action will not do . . . Factual allegations must be enough to raise a right to relief

7  above the speculative level . . . on the assumption that all the allegations in the

8  complaint are true (even if doubtful in fact) . . ." Bell Atlantic Corp. v. Twombly,

9  550 U.S. —, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations and

10 footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2

11 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear

12 that no relief could be granted under any set of facts that could be proved

13 consistent with the allegations.")  The Bell Atlantic Court further explained in a

14 footnote:

15         While, for most types of cases, the Federal Rules eliminated the

16         cumbersome requirement that a claimant "set out in detail the facts

17         upon which he bases his claim," Rule 8(a)(2) still requires a

18         "showing," rather than a blanket assertion, of entitlement to relief.

19         Without some factual allegation in the complaint, it is hard to see how

20         a claimant could satisfy the requirement of providing not only "fair

21         notice" of the nature of the claim, but also "grounds" on which the

22         claim rests.

23 Id. at 1965 n.3 (citations omitted).

24 **B.     Leave to Amend.**

25     If the Court finds that a complaint should be dismissed for failure to state a

26 claim, the Court has discretion to dismiss with or without leave to amend. Lopez

27 v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend

28 should be granted if it appears possible that the defects in the complaint could be

corrected, especially if a plaintiff is <u>pro</u> <u>se</u>.  <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United</u> <u>States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1005-06.

**IV.**

**<u>DISCUSSION</u>**

**A.**   **<u>The Complaint Is Subject to Dismissal for Failure to State a Claim</u>**
         **<u>Based on Respondeat Superior Liability.</u>**

Supervisory personnel are not individually liable under § 1983 on a theory of <u>respondeat</u> <u>superior</u> or vicarious liability in the absence of a state law imposing such liability.  <u>Monell v. New York City Dep't of Soc. Serv.</u>, 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1992); <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th Cir. 1989).  A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  <u>See</u> <u>Redman</u>, 942 F.2d at 1446-47; <u>Hansen</u>, 885 F.2d at 646; <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Unsupported, conclusory allegations are insufficient to state a valid claim.  <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977).

As set forth above, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the

5

1  assumption that all the allegations in the complaint are true (even if doubtful in

2  fact) . . ." Bell Atlantic Corp., 127 S. Ct. at 1964-65.

3        The only allegations with respect to Defendant Prosper are that: 1) due to his

4  bad management as Warden of CCC, the institution went on repeated lock downs

5  during which time Plaintiff's infection on his feet spreads; and 2) he violated

6  Plaintiff's Eighth Amendment rights "by not providing him sanitary conditions of

7  confinement to protect him from infectious diseases from other infected inmates

8  with onychomycosis." (Compl. at 5, 8.) These conclusory allegations are clearly

9  insufficient to establish supervisory liability against Defendant Prosper. Thus, the

10 Complaint is subject to dismissal for failure to state a claim for supervisory

11 liability against Defendant Propser.[2]

12 **B.      The Complaint Is Subject to Dismissal for Failure to State a Claim**

13 **Based on Deliberate Indifference to Plaintiff's Serious Medical Needs.**

14       To establish an Eighth Amendment claim that prison authorities provided

15 inadequate medical care, Plaintiff must show that defendants were deliberately

16 indifferent to his serious medical needs. Helling v. McKinney, 509 U.S. 25, 32,

17 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97

18 S. Ct. 285, 50 L. Ed 2d 251 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th

19 Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104

20 F.3d 1133 (9th Cir. 1997). Deliberate indifference may be manifest by the

21 intentional denial, delay, or interference with a plaintiff's medical care, or by the

22 manner in which the medical care was provided. See Estelle, 429 U.S. at 104-05;

23 McGuckin, 974 F.2d at 1059.

24       Furthermore, the defendant must purposefully ignore or fail to respond to a

25

26       [2] The Court also notes that Defendant Prosper is the Warden of CCC located
27 in Susanville, California. Susanville is located in Lassen County which is within the
   boundaries of the Eastern District of California. 28 U.S.C. § 84(b). Thus, the proper
28 venue for any claims against Defendant Prosper is the Eastern District of California.

1  plaintiff's pain or medical needs.  McGuckin, 974 F.2d at 1060.  Plaintiff must

2  allege that, subjectively, the defendant had a "sufficiently culpable state of mind"

3  when medical care was refused or delayed.  Clement v. Gomez, 298 F.3d 898, 904

4  (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)).  A

5  defendant must "both be aware of the facts from which the inference could be

6  drawn that a substantial risk of serious harm exists, and he must also draw the

7  inference."  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d

8  811 (1994).  Thus, an inadvertent failure to provide adequate medical care, mere

9  negligence or medical malpractice, a mere delay in medical care (without more), or

10  a difference of opinion over proper medical treatment, are all insufficient to

11  constitute an Eighth Amendment violation.  See Estelle, 429 U.S. at 105-07;

12  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State

13  Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Prison officials violate their

14  obligation by intentionally delaying access to medical care.  Clement, 298 F.3d at

15  905 (quoting Estelle, 429 U.S. at 104-05).

16       A "serious" medical need exists if the failure to treat a prisoner's condition

17  could result in further significant injury or the "unnecessary and wanton infliction

18  of pain."  Estelle, 429 U.S. at 104.  Either result is not the type of "routine

19  discomfort [that] is 'part of the penalty that criminal offenders pay for their

20  offenses against society.'"  Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995,

21  1000, 117 L. Ed. 2d 156 (1992) (quoting Rhodes v. Chapman, 452 U.S. 337, 347,

22  101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981)).  The existence of an injury that a

23  reasonable doctor or patient would find important and worthy of comment or

24  treatment, the presence of a medical condition that significantly affects an

25  individual's daily activities, or the existence of chronic and substantial pain are

26  examples of indications that a prisoner has a "serious" need for medical treatment.

27  McGuckin, 974 F.2d at 1060 (citing Wood v. Housewright, 900 F.2d 1332,

28  1337-41 (9th Cir. 1990) (dissenting opinion) and Hunt v. Dental Dept., 865 F.2d

7

1   198, 200-01 (9th Cir. 1989)).

2      In the Complaint, Plaintiff admits that while at CCC he was granted and

3   prescribed treatment for his fungal infection of his toenails.  (Compl. at 6.)  After

4   his transfer to the CMC Plaintiff alleges that Defendants Meyers and Luke denied

5   him treatment for his medical condition between March and May of 2005.  (Id. at

6   6-7.)  In May of 2005, Plaintiff filed an administrative grievance which was denied

7   in August of 2005 by Defendant Grannis.  (Id.)  While these allegations may be

8   sufficient to state a claim against Defendants Meyers and Luke, the mere denial of

9   administrative grievance is insufficient to state a claim against Defendant Grannis.

10   Thus, the Complaint is subject to dismissal for failure to state a claim against

11   Defendant Grannis.

### V.

### ORDER

14      Based on the foregoing, the Court hereby dismisses the Complaint.  See Noll

15   v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must

16   be given leave to amend his complaint unless it is absolutely clear that the

17   deficiencies of the complaint cannot be cured by amendment).

18      If Plaintiff still wishes to pursue this action, he shall have thirty (30) days

19   from the date of this Order within which to file a First Amended Complaint,

20   attempting to cure the defects in the Complaint.  The First Amended Complaint

21   shall be complete in itself and must remedy the deficiencies discussed.  Plaintiff

22   may not use "et al." in the caption but must name each Defendant against whom

23   claims are stated.  Furthermore, Plaintiff must use the blank Central District Civil

24   Rights Complaint form accompanying this order, must sign and date the form,

25   must completely and accurately fill out the form, and must use the space provided

26   in the form to set forth all of the claims that he wishes to assert in his First

27   Amended Complaint.  The Clerk is directed to provide Plaintiff with a blank

28   Central District Civil Rights Complaint form.  The First Amended Complaint shall

not refer to the previously dismissed Complaint.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order.  Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**


DATED: August 27, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge

9